# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

UNITED STATES OF AMERICA
V.
DANIEL CUPAIUOLO

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DPAE2:10CR000001-001

USM Number: none

A. Charles Peruto, Jr., Esquire
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Ten of the Information.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1341 | Mail Fraud. | 06/01/2005 | 1 |
| 18:1341 | Mail Fraud. | 07/23/2007 | 2 |
| 18:1341 | Mail Fraud. | 11/16/2005 | 3 |
| 18:1341 | Mail Fraud. | 08/21/2006 | 4 |
| 18:1341 | Mail Fraud. | 01/06/2005 | 5 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 6, 2011
Date of Imposition of Judgment

/s/ Timothy Savage
Signature of Judge

cc: (2) Manuel Jimenez, Probation
Anthony Wzorek, AUSA
A. Charles Peruto, Jr., Esq.
U.S. Marshal
Pretrial
Fiscal
FLU

Timothy J. Savage, United States District Judge
Name and Title of Judge

April 14, 2011
Date

DEFENDANT:      Daniel Cupaiuolo
CASE NUMBER:    CR. 10-0001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1341 | Mail Fraud. | 11/02/2006 | 6 |
| 18:1341 | Mail Fraud. | 06/03/2005 | 7 |
| 18:1341 | Mail Fraud. | 08/03/2006 | 8 |
| 18:1341 | Mail Fraud. | 09/08/2005 | 9 |
| 18:1341 | Mail Fraud. | 06/13/2006 | 10 |

DEFENDANT: Daniel Cupaiuolo
CASE NUMBER: CR. 10-001

# PROBATION

The defendant is hereby sentenced to probation for a term of :
five (5) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      Daniel Cupaiuolo
CASE NUMBER:    CR. 10-001

# ADDITIONAL PROBATION TERMS

1. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at any time fixed by the Probation Office.

2. The defendant shall make restitution in the amount of $423,357.00, as set forth in the Criminal Monetary Penalties and the Schedule of Payments.

3. The defendant shall pay to the United States a special assessment of $1,000.00 which shall be due immediately.

4. The defendant shall perform 1500 hours of community service as directed by the Probation Office and approved by the Court.

5. The defendant shall provide the United States Probation Office with access to any and all requested personal and/or business financial information to make full financial disclosure.

DEFENDANT: Daniel Cupaiuolo
CASE NUMBER: CR. 10-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,000.00. | $ 0. | $ 423,357.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| One Beacon Insurance<br>1717 Arch Street #46<br>Philadelphia, PA 19103 | 143,672.00 | 143,672.00 | |
| Xchanging Insurance,<br>formerly Cambridge Insurance<br>31500 Solon Road<br>Solon, Ohio 44139 | 10,642.00 | 10,642.00 | |
| MetLife Auto & Home<br>P.O. Box 59<br>Malverne, NY 11565-0059 | 29,839.00 | 29,839.00 | |
| Allstate Insurance Company<br>1200 Atwater Drive<br>Suite 220<br>Malvern, PA 19355 | 4,485.00 | 4,485.00 | |
| **TOTALS** | $ 188638 | $ 188638 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

 X   the interest requirement is waived for the   ☐ fine   X restitution.

 ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Daniel Cupaiuolo
CASE NUMBER: CR. 10-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Liberty Mutual Group<br>512 Township Line Road<br>3 Valley Square, Suite 300<br>Blue Bell, PA 19422 | 73,089.00 | 73,089.00 | |
| Century 21 and Farmers Insurance<br>2655 Interplex Drive<br>Suite 103<br>Trevose, PA 19053 | 5,513.00 | 5,513.00 | |
| Liberty Mutual Group<br>512 Township Line Road<br>3 Valley Square, Suite 300<br>Blue Bell, PA 19422 | 8,500.00 | 8,500.00 | |
| Century 21 and Farmers Insurance<br>2655 Interplex Drive<br>Suite 103<br>Trevose, PA 19053 | 3,716.00 | 3,716.00 | |
| Allstate Insurance Company<br>1200 Atwater Drive<br>Suite 200<br>Malvern, PA 19355 | 14,278.00 | 14,278.00 | |
| State Farm Insurance<br>One State Farm Drive<br>Concordville, PA 19331 | 43,066.00 | 43,066.00 | |
| Peerless Insurance Company<br>512 Township Line Road<br>#300<br>Blue Bell, PA 19422-2700 | 11,984.00 | 11,984.00 | |
| Palacades Insurance<br>Connell Corporate Park<br>Suite 3000<br>Berkeley Heights, NJ 07922 | 32,543.00 | 32,543.00 | |
| Erie Insurance<br>1400 N. Providence road<br>Media, PA 19063 | 2,819.00 | 2,819.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Daniel Cupaiuolo
CASE NUMBER: CR. 10-001

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| State Farm Insurance<br>One State Farm Drive<br>Concordville, PA 19331 | 35,073.00 | 35,073.00 | |
| Republic Western<br>2721 N. Central Avenue 6 S<br>Phoenix, AZ 85004 | 3,566.00 | 3,566.00 | |
| Allstate Insurance Company<br>1200 Atwater Drive<br>Suite 220<br>Malvern, PA 19355 | 572.00 | 572.00 | |

DEFENDANT: Daniel Cupaiuolo
CASE NUMBER: CR. 10-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** X Lump sum payment of $ __1,000.00__ due immediately, balance due

    ☐ not later than _____ , or
    X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

considering the financial resources of the defendant, the projected earnings of the defendant, and the financial obligations of the defendant, restitution payments shall be made at the rate of $400.00 per month, subject to adjustment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

(See list of Joint and Several Amounts on page 9 of 9)

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Daniel Cupaiuolo
CASE NUMBER: CR. 10-001

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

**Joint and Several - Schedule of Payments continued from Page 8 of 9**

Count 1 - Daniel Cupaiuolo (CR. 10-001); Bruno Ferrara (CR. 08-708); Keith Murray (Phila. CP 2009-08636); and Cesar Novoa (Phila. CP 2009-08635) - $154,314.00. Joint and several, $143,672.00 to One Beacon Insurance and $10,642 to Xchanging Insurance, formerly Cambridge Insurance.

Count 2 - Daniel Cupaiuolo (CR. 10-001); Anthony Pollitt (CR. 10-95-12); Glenn Britton (CR. 10-95-04); David Blunt (Phila. CP 2009-10282); Reynaldo Rivera (CR. 10-95-15); and Stephen Rios (CR. 10-95-01) - $34,324.00. Joint and several, $29,839.00 to MetLife Auto & Home and $4,485.00 to Allstate Insurance Company.

Count 3 - Daniel Cupaiuolo (CR. 10-001); Patrick Watson (CR. 10-95-17); and Larry Richardson (CR. 10-95-13) - $78,602.00. Joint and several, $73,089.00 to Liberty Mutual Group and $5,513.00 to Century 21 and Farmers Insurance.

Count 4 - Daniel Cupaiuolo (CR. 10-001); Fabian Fisher (CR. 10-95-06) Byron Gooden (CR. 10-95-07); Jerry Blassengale (CR. 07-371-02) and Drexel Reid (CR. 07-371-01) - $12,216. Joint and several, $8,500.00 to Liberty Mutual Group and $3,716.00 to Century 21 and Farmers Insurance.

Count 5 - Daniel Cupaiuolo (CR. 10-001); Michael Williams (CP unknown). - $14,278 to Allstate Insurance Company.

Count 6 - Daniel Cupaiuolo (CR. 10-001); Roman Kovalenko (CR. 10-610) - $43,066.00 to State Farm Insurance.

Count 7 - Daniel Cupaiuolo (CR. 10-001); Elliott Sacks (Phila. CP 2008-14724) - $11,984.00

Count 8 - Daniel Cupaiuolo (CR. 10-001); Drexel Reid (CR. 07-371-01); Bruno Ferrara (CR. 08-708); Natasha Nelson (Phila. CP 2007-13831); Jerry Blassengale (CR. 07-371-02) and Stephen Rios (CR. 10-95-01) - $35,362.00. Joint and several, $32,543.00 to Palacades Insurance and $2,819.00 to Erie Insurance.

Count 9 - Daniel Cupaiuolo (CR. 10-001); Christopher Rosales (Phila. CP 2009-08257); Michael O'Connell (Phila. CP 2009-02448) and Jennifer Soltis (Phila. CP 2009-00223) - $38,639.00. Joint and several, $35,073.00 to State Farm Insurance and $3,566.00 to Republic Western.

Count 10 - Daniel Cupaiuolo (CR. 10-001) - $572.00 to Allstate Insurance Company